OPINION ON REHEARING



FILED

Oct 25 2016, 8:50 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANTS

Jenny R. Buchheit
Seth M. Thomas
Ice Miller LLP
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

David W. Stone IV
Stone Law Office & Legal Research
Anderson, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Randy Faulkner & Associates, Inc. and Randall W. Faulkner, *Appellants-Defendants,* <br><br> v. <br><br> The Restoration Church, Inc., *Appellee-Plaintiff.* | October 25, 2016 <br><br> Court of Appeals Case No. 41A01-1506-PL-706 <br><br> Appeal from the Johnson Superior Court <br><br> The Honorable Kevin M. Barton, Judge <br><br> Trial Court Cause No. 41D01-1305-PL-68 |

**Robb, Judge.**

[1] In *Randy Faulkner & Assoc., Inc. v. Restoration Church*, 2016 WL 3755926 (Ind. Ct. App. Jul. 14, 2016), we held, in part, that Randy Faulkner and Associates, Inc. ("RFA") had not by its conduct waived its right to receive timely written notice of The Restoration Church's (the "Church") intent to renew its lease on property owned by RFA. We therefore reversed the trial court's judgment in

favor of the Church on its breach of contract claim against RFA. The Church has now filed a petition for rehearing.

[2]     The parties' lease agreement provided the Church had to give timely notice of its intent to renew the lease each year. The Church failed to give the required notice each year, although it continued to pay rent and occupy the premises. Eventually, RFA gave the Church notice to vacate the premises and cancelled the lease. The Church then sued RFA for breach of contract, among other things. With respect to the breach of contract claim, the trial court determined RFA had waived its right under the lease agreement to receive timely notice of the Church's intent to renew when it accepted untimely notices and annual rent payments.

[3]     Based on several specific provisions in the lease agreement, we concluded that holding over and paying rent is not sufficient notice of intent to renew when the lease specifically provided for written notice of intent to renew in advance of a lease term ending. Therefore, we held RFA had not waived the condition precedent to an additional lease term by accepting the Church's rent payments. *Id.* at *8. In its petition for rehearing, the Church alleges this court failed to consider Section Forty-One of the lease in its analysis. Section Forty-One states: "Lessor and Lessee expressly covenant one to another that this Lease agreement shall be interpreted and construed consistently with the principles of good faith and fair dealing." Appendix of Appellants at 135. The Church asserts this general "good faith" provision imposes a duty on the parties to the lease and RFA breached this duty when it "lulled" the Church into believing

the specific notice of renewal provision would not be enforced. Appellee's Petition for Rehearing at 8. This, despite a specific non-waiver provision in the lease providing that RFA's failure to insist on strict performance of a term in one instance "shall not be deemed a waiver of any subsequent breach or default . . . ." Appendix at 130. In essence, the Church would have a single, general provision of the lease supersede the several specific and express provisions applicable here. At most, Section Forty-One imposes a duty on both parties to act in accordance with the provisions of the lease. *Cf. Casa D'Angelo, Inc. v. A&R Realty Co.*, 553 N.E.2d 515, 519 (Ind. Ct. App. 1990) (stating the allegation "not in good faith" means nothing more than that a party has acted in violation of implied obligations of a contract), *trans. denied*. It does not impose a specific duty on RFA to explicitly state it has waived a provision *this* time but will not do so again, especially in light of a specific provision in the lease which says exactly that.

[4] We grant rehearing for the purpose of addressing the Church's argument about this additional provision of the lease, but for the reasons stated above, reaffirm our decision in all respects.

Crone, J., concurs.

Riley, J., dissents without separate opinion.